**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4799**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

ANGELA M. BLYTHE,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:14-cr-00591-WDQ-1)

Submitted: June 2, 2016          Decided: July 13, 2016

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Philip Urofsky, Richard Vigil, Jon Weingart, Robert McCabe, SHEARMAN & STERLING, LLP, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Joyce K. McDonald, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Angela M. Blythe of conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344, 1349 (2012); bank fraud, in violation of 18 U.S.C. § 1344; and two counts of knowingly making false statements to banks, in violation of 18 U.S.C. § 1014 (2012). The district court sentenced Blythe to 12 months and 1 day of imprisonment on each count to run concurrently, and she now appeals. Finding no error, we affirm.

Blythe first challenges the admission of documents from a prior trial for civil fraud in which she represented as an attorney one of her coconspirators. A district court should exclude relevant evidence when "its probative value is 'substantially outweighed' by the potential for undue prejudice, confusion, delay or redundancy." United States v. Queen, 132 F.3d 991, 994 (4th Cir. 1997) (quoting Fed. R. Evid. 403). "Prejudice, as used in Rule 403, refers to evidence that has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Id. (internal quotation marks omitted).

"We apply a highly deferential standard of review to such an issue, and a trial court's decision to admit evidence over a Rule 403 objection will not be overturned except under the most extraordinary circumstances, where that discretion has been

2

plainly abused." United States v. Hassan, 742 F.3d 104, 132 (4th Cir. 2014) (internal quotation marks omitted). Therefore, "we look at the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011). We have thoroughly reviewed the record and conclude the court did not abuse its discretion in admitting this evidence.

Blythe next challenges the sufficiency of the evidence to support her convictions. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In determining whether the evidence is sufficient to support a conviction, we determine "whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." United States v. Palacios, 677 F.3d 234, 248 (4th Cir. 2012) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). Furthermore, "[d]eterminations of credibility are

3

within the sole province of the jury and are not susceptible to judicial review." Id. (internal quotation marks omitted).

For the conspiracy count, the Government had to demonstrate that Blythe conspired to execute a scheme to defraud a financial institution. 18 U.S.C. §§ 1344, 1349. The elements of a bank fraud conviction under § 1344 include (1) the defendant knowingly executing or attempting a scheme or artifice to defraud a financial institution, (2) with the intent to defraud, and (3) the institution is federally insured or chartered. United States v. Adepoju, 756 F.3d 250, 255 (4th Cir. 2014). In addition, "[a] person violates § 1014 by knowingly making any false statement for the purpose of influencing in any way the action of any FDIC-insured financial institution upon any application, advance, discount, purchase, commitment or loan." Elliott v. United States, 332 F.3d 753, 759 (4th Cir. 2003). Our review of the record leads us to conclude that there was a considerable amount of substantial evidence presented at trial supporting the jury's verdict of guilt on all the counts.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4